UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. C-10-146 |
| | § | |
| GONZALO BARAJAS JR. | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Gonzalo Barajas Jr.'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. D.E. 33. The government has responded. D.E. 44. Barajas did not file a reply. For the reasons stated, the motion is dismissed and Barajas is also denied a certificate of appealability.

## I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 2255.

## II. BACKGROUND

Barajas was arrested in February 2010 at the Falfurrias Border Patrol Check Point in Brooks County, Texas. He was stopped for an immigration check when a drug dog alerted to the trailer he was hauling. D.E. 1. Barajas gave consent to the search of his trailer. Id. Bundles of a leafy green substance that was later determined to be marijuana were found mixed into the boxes of watermelons he was hauling. Id. Border Patrol agents discovered 201 bundles of marijuana with a gross weight of 1189 kilograms. Id. On second questioning, Barajas admitted that he knew there was marijuana in the trailer and he was to be paid $20,000 to deliver the drugs to Michigan. Id. He thought there was 500 pounds of marijuana, not the 2617.25 pounds found by the agents. Id.

Barajas was brought to federal court the day after his arrest for his initial appearance. Counsel was appointed the same day. D.E. 2. Barajas retained counsel who appeared with him for a preliminary hearing. D.E. 4, Minute Entry February 10, 2010.

Barajas was indicted on a single count on February 24, 2010, and was charged with Possession with Intent to Distribute More than 1000 Kilograms of Marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). D.E. 7. Barajas was arraigned in early March 2010. Minute Entry March 5, 2010. Later that month, he filed a motion to substitute new retained counsel for original retained counsel, which was granted. D.E. 12, 14.

Barajas entered into a plea agreement with the government in which the government agreed to recommend that Barajas receive maximum credit for acceptance of responsibility and to recommend a sentence within the applicable guideline range. D.E. 15. During rearraignment, Barajas testified that he had a copy of the indictment, understood the charges against him, and had discussed the charges with his counsel. D.E. 41 at 8. The Court reviewed the elements of the offense and Barajas testified he understood the government's burden of proof and the elements of the crime. Id. The government summarized the provisions of the plea agreement and Barajas testified that he understood the agreement. Id. at 12-13. He denied that he had been promised leniency, downward departure or safety valve. Id. at 13.[1] The Court then reviewed the maximum punishment with Barajas,

---

[1] 
```
6 THE COURT: Have there been any other promises or
7 agreements made to you that are not contained in this written
8 plea agreement, such as anyone promised you leniency, or that
9 you would get a motion for downward departure or safety valve
10 in return for this plea?
11 * * * * *
12 THE COURT: Mr. Barajas?
13 THE DEFENDANT: No, ma'am.
```
Id.

> 2 I'm going to go over with you the maximum possible
> 3 punishment that can be assessed against you for entering a
> 4 guilty plea here today. And for . . . Mr. Barajas. . .
> 5 that is a mandatory minimum of 10 years to life
> 6 imprisonment, plus a fine of up to $4 million, at least five
> 7 years supervised release, that can last the rest of your life,
> 8 a $100 special assessment, and community restitution up to the
> 9 amount of any fine imposed by the Court. Do you understand
> 10 that?
> 11 * * * * *
> 12 THE COURT: Mr. Barajas?
> 13 THE DEFENDANT: Yes, ma'am.

Id. at 15. The Court advised Barajas about the process of sentencing and asked him if he understood generally how the sentencing guidelines would likely work in his case, to which he responded that he did. Id. at 18-19.[2] After the government summarized the facts of the case

---

[2]
> 16 THE COURT: Have you and your attorney talked about
> 17 how the advisory Sentencing Commission Guidelines might apply
> 18 in your case? In particular, criminal history, and the two
> 19 components, criminal history and offense levels or zones. The
> 20 higher either or both are, the higher your sentence could be.
> 21 Your criminal history is composed of prior
> 22 convictions, whether or not you were on supervision at the time
> 23 of the offense or within two years of release of custody at the
> 24 time of the offense. Do you understand these concepts, and
> 25 have you discussed them with your attorney?
> * * * * *
> 2 THE COURT: Mr. Barajas?
> 3 THE DEFENDANT: Yes, ma'am.
> *     *     *     *
> 10 THE COURT: Do you understand that your attorney's
> 11 opinion of the guidelines is not necessarily that of mine, and
> 12 we're not going to know what your sentence is going to be till
> 13 we actually get to sentencing, when you and the U.S. Attorney
> 14 have both had an opportunity to challenge the facts reported by
> 15 the Probation Department.
> 16 After it's been determined what advisory guideline
> 17 does apply to a case, to your case, I still have the authority
> 18 to give you a higher sentence or a lower sentence than that
> 19 called for by the guidelines, the advisory guidelines.
> 20 I also want to make sure that you understand that the
> 21 final decision as to what your sentence will be rests with me,
> 22 not with the U.S. Attorney, and that the U.S. Attorney doesn't
> 23 represent or speak for the Court in this case.
> 24 Do you understand these matters?

against him, Barajas agreed with the recitation and agreed that he knew he was transporting marijuana for purposes of distribution. Id. at 22. He then pled guilty. Id.

The Court ordered the Probation Department to prepare a Presentence Investigation Report (PSR). D.E. 16. The PSR was prepared and calculated Barajas' base offense level at 32 based upon the quantity of marijuana involved. D.E. 17 at ¶ 11. After subtraction of 3 points for acceptance of responsibility, his total offense level was calculated to be 29. Id. at ¶¶ 17-20.

The Probation Department calculated Barajas' criminal history to be 3 points, resulting in application of criminal history Category II. Id. at ¶ 26. Barajas' guideline range was calculated to be 97 to 121 months, with a statutory minimum sentence of 120 months. Id. at ¶ 48.

At sentencing, Barajas confirmed that he had seen the PSR, had it for more than 35 days, had gone over it with his attorney who answered all of his questions, and he was satisfied with the efforts and advice of his attorney. D.E. 42 at 3. Barajas did not object to the PSR and testified that there were no mistakes in it. Id. at 3-4. The Court sentenced Barajas to 120 months in the Bureau of Prisons, the statutory minimum sentence, five years supervised release, no fine, and $100 in special assessments. Id. at 5. Barajas was advised of his right to appeal. Id. at 6. Judgment was entered on the docket on December 27, 2010. D.E. 31.

Barajas did not appeal. He filed his timely motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. D.E. 33.

### III. MOVANT'S CLAIMS

Barajas complains that he was not given credit for acceptance of responsibility at sentencing and requests that the Court reduce his sentence because he was eligible for mitigating

---

25 * * * * *
1 THE COURT: Mr. Barajas?
2 THE DEFENDANT: Yes, ma'am.
Id. at 17-19.

role and safety valve. The government argues that Barajas' claims are procedurally barred. D.E. 44.

## IV.  ANALYSIS

### A.     28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir. 1992). The "cause and prejudice standard presents a "significantly higher hurdle" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). "[A] collateral challenge may not do service for an appeal." Id. at 165.

### B.     Barajas Has Not Demonstrated Cause or Prejudice

Barajas claims that the Court did not give him the benefit of his plea agreement when it sentenced him to 120 months, and he seeks credit for mitigating circumstances pursuant to § 3B1.2 and for safety valve. None of these claims involve constitutional issues nor have any of them been raised previously either on appeal or in this Court at sentencing. Barajas has not

demonstrated cause for his failure to raise these issues previously. Pierce, 959 F.2d at 1301 (a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default). Each of Barajas' grounds is procedurally defaulted and may not be considered.

Additionally, Barajas was advised of the statutory minimum sentence at rearraignment, "Mr. Barajas. . . that is a mandatory minimum of 10 years to life imprisonment. . . ." D.E. 41 at 15. Barajas testified that he understood the sentencing range. The PSR also pointed out the statutory minimum sentence to him and explained that it trumped the guidelines. D.E. 17 at ¶¶ 47-48. The Court did not ignore the guidelines or ignore the plea agreement when it sentenced Barajas to 120 months imprisonment.

Barajas claims that he is a first-time offender and is eligible for safety valve, which would allow him to be sentenced below the statutory minimum of 120 months. The sentencing guidelines set out the requirements for eligibility.[3] Because Barajas had three criminal history points, he is not eligible for safety valve. U.S.S.G. § 5C1.2(a)(1).

---

[3]    (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of 4A1.3 (Departures Based on Inadequacy of Criminal History Category);

(2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(3) the offense did not result in death or serious bodily injury to any person;

(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and

(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or

Barajas' claim that he was eligible for mitigating role pursuant to § 3B1.2 is not supported by any facts in this record and even if he were found to be eligible, such a finding would not reduce his sentence below the 120 month statutory minimum sentence. This claim is without merit, even if it were not procedurally defaulted.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Barajas has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved

---

that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a).

encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Barajas is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. See Jones, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, Barajas' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 33) is DISMISSED. He is also denied a Certificate of Appealability.

SIGNED and ORDERED this 2nd day of August, 2012.

_____
Janis Graham Jack
Senior United States District Judge